**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID SCOTT § | | |
| Travis County No. 1816327 § | | |
| § | | |
| V. § | A-18-CA-610-LY | |
| § | | |
| OFFICER LEMDKE, SGT. ORANGE, § | | |
| and SGT. BURKHART § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. He alleges he was disciplined at the Travis County Correctional Complex while he was a pretrial detainee. According to Plaintiff, he was accused of being in another inmate's cell by Officer Lemdke. He admits he was offered 23 hours of "lockdown," but he refused. According to Plaintiff, he requested "rank" or the sergeant to come and

1

handle the situation. At his hearing, he denied the allegation but was found guilty. As a result, he was sent to lockdown for five days. Plaintiff sues Officer Lemdke, the charging officer. He also sues Sgt. Orange and Sgt. Burkhart for going along "with an illegal disciplinary hearing."

Attached to Plaintiff's complaint is the Travis County Sheriff's Office Notice of Disciplinary Board. The notice informed Plaintiff he was charged with three major rule violations. Specifically, the notice provided that Plaintiff was "being written up for being present in another inmate[']s cell, and being disrespectful to officers by calling them 'Dicksuckers' when offered a 23 hr lockdown." The incident date was listed as July 2, 2018, The notice was purportedly signed by Plaintiff the same day. The notice indicated Plaintiff would be scheduled for a disciplinary hearing within seven days and provided a list of possible punishments if found guilty.

After consideration of Plaintiff's complaint, the Court warned Plaintiff, as currently written, his complaint lacks sufficient facts and is inadequate as a result. The Court further warned, without additional details, Plaintiff's complaint may be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Brown v. Taylor, 829 F.3d 365, 370 (5th Cir. 2016). Accordingly, the Court ordered Plaintiff to file a more definite statement.

In his more definite statement, Plaintiff repeats Officer Lemdke accused Plaintiff of being in another inmate's cell. According to Plaintiff, he told Lemdke to "show the video evidence or [he] would like to talk to a sergeant." Lemdke allegedly advised Plaintiff he would be placed on 23 hour lockdown. Plaintiff declined and Lemdke allegedly told Plaintiff to "sign it or you're going to lockdown." Plaintiff states he is stating a claim of "1. Failure to be at disciplinary hearing 2. Claim of callous indifference 3. Coercion 4. No substance or 'Fact-Finding' 5. Lying about being in another inmate[']s cell 6. Claim of negligence."

With respect to Sergeant Orange Plaintiff asserts he was in the disciplinary hearing review with Sergeant Orange on July 5, 2018. According to Plaintiff, he pleaded not guilty and requested video evidence and a witness, but both requests were denied. Plaintiff contends Orange violated Plaintiff's due process rights and he has "superior liability."

With respect to Sgt. Burkhart Plaintiff asserts Burkhart participated in the disciplinary hearing on July 5, 2018. Plaintiff lists as claims for relief: "(1) superior liability, (2) grossly negligent, (3) denial video evidence, and (4) fact-finder is substance of defense."

In addition to five days of lockdown Plaintiff asserts he was also denied commissary, television, phone, and visitation privileges. Plaintiff identifies his requested witness as Julian Medrano, who he believes would have testified that Plaintiff was never "inside cell." Plaintiff indicates Medrano was denied as a witness because "ATW."[1] Plaintiff complains witness statements should be taken within 24 hours of the incident in question.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

---

[1] Medrano was convicted of murder in Travis County and sentenced to 15 years in prison on May 24, 2018. *See* Texas Department of Criminal Justice Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=50485844 (last visited Sept. 27, 2018). According to personnel for the Texas Department of Criminal Justice, Medrano was received into TDCJ custody on July 5, 2018.

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Disciplinary Hearing

The Due Process Clause of the Fourteenth Amendment prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). This is because "[a] person lawfully committed to pretrial detention has not been adjudged guilty of any crime." Id. The government may, however, subject pretrial detainees to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Id. However, pretrial detainees are not immune from prison disciplinary actions. See Rapier v. Harris, 172 F.3d 999, 1003 (7th Cir. 1999) (holding that prison officials could place a pretrial detainee in disciplinary segregation); Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (same); Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 318 (1st Cir. 1995)(same). These courts state that prison officials can impose reasonable punishment to enforce reasonable disciplinary requirements so long as the punishment is not for prior unproven conduct. See Collazo-Leon, 51 F.3d at 318. In addition, a plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

In this case, Plaintiff does not allege he was punished for his pending criminal charges. Rather, he admits he was punished for purported violations of the jail's rules. The punishment imposed was disciplinary detention for only five days.

Plaintiff's documents attached to his complaint and submitted with his more definite statement show Plaintiff was provided all the process he was due. Plaintiff provided the Court with the violation notice he received on the day of the incident. The notice was provided at least twenty-four hours before his hearing. Plaintiff also provided the Court with the Findings of the Disciplinary Board. The findings include a written statement of the evidence relied on – the officer's report and Plaintiff's testimony. The notice also informed Plaintiff he was found guilty of three major rule violations and listed the punishment imposed. Although Plaintiff requested Medrano as a witness, he was unavailable and no longer at the facility, having been transferred to the Texas Department of Criminal Justice. Although Plaintiff did not have the opportunity to collect Medrano's witness statement before Medrano was transferred to TDCJ, Plaintiff was able to provide his own statement at the hearing.

To the extent Plaintiff may be attempting to allege Defendant Lemdke filed a false disciplinary charge against him, this claim also fails. An inmate's allegation that a prison official asserted false disciplinary charges against him fails to state a claim under § 1983 when the prisoner is afforded due process protection through a subsequent hearing. Harris v. Smith, 482 Fed. Appx. 929, 930 (5th Cir. 2012) (citing Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984)).

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on September 28, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE